Bissell, P. J.,
delivered the opinion of the court.
Mary Summers brought this suit against the Mollie Gibson Company to recover for the injury resulting to her from the death of Michael Capíes, her son. She had judgment for seventeen hundred and fifty dollars. The company defended, but did not appear at the trial, and .the verdict was rendered on the plaintiff’s testimony. No objections were made to any of the proceedings except what is evidenced by a motion for a new trial.
This case, aside from this circumstance, is like the preceding one, and Capíes was killed at the same time that William Sharp was, and under the same circumstances, and the proof concerning it was precisely similar. The former case is accordingly referred to for a statement of the facts and a general statement of the law governing the rights of the parties. There is, however, this distinction between the two cases, but in our view it is totally unimportant: Mrs. Summers was Michael’s mother, and the case shows that for some considerable time prior to Michael’s death, he had from month to month sent his mother some fifteen or twenty dollars to aid in her support. This proof of itself, and without argument, disposes of the company’s contention that the plaintiff must prove a pecuniary injury in order to entitle her to recover. This she did when she gave evidence that one of the principal sources of her support had been lost through the death of her son.
The argument concerning the instructions is without foundation, since the company was unrepresented and interposed no objection to the instructions as given, and took no exception to the court’s action in the premises.
*330 The motion for a new trial substantially repeats the grounds urged in a similar way in the preceding case. The reasons which we have given for the affirmance of the Sharp judgment serve to dispose of the present appeal, and the judgment will accordingly be affirmed.

Affirmed.